# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEVIN RAY ZYGMUNT,

          Appellant,

        v.

DEPARTMENT OF THE NAVY,

          Agency.

DOCKET NUMBER
PH-0752-15-0292-I-1

DATE: May 13, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Marc Pasekoff, Esquire, Washington, D.C., for the appellant.

Stephen A. Douglas, Esquire, and Teresa A. Robison, Esquire, Mechanicsburg, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which found that he failed to prove his affirmative defense of reprisal for whistleblowing and denied his request for corrective action and damages. For the reasons discussed below, we GRANT the appellant's petition for review and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      On or about April 6, 2015, the appellant timely filed an appeal challenging the agency's decision to suspend him for 15 days beginning on March 22, 2015, and he raised an affirmative defense of whistleblower retaliation.  Initial Appeal File (IAF), Tab 1.  During the course of the appeal, the agency rescinded the suspension action and returned the appellant to the status quo ante.  IAF, Tab 26.  Although the appellant did not dispute that he was returned to the status quo ante, the administrative judge held a hearing on November 9, 2015, based on his finding that the appellant made a nonfrivolous claim of retaliation for whistleblowing under the Whistleblower Protection Enhancement Act (WPEA).  IAF, Tab 47, Initial Decision (ID) at 2.[2]

¶3      After holding a hearing, the administrative judge issued an initial decision finding that the appellant failed to prove his affirmative defense of whistleblowing reprisal and denying his requests for corrective action and damages.  ID at 2.  The administrative judge found that the appellant made three protected disclosures before the agency issued the notice proposing to suspend him and that the timing of his disclosures relative to the agency's suspension action satisfied the timing part of the knowledge-timing test.  *Id*.  The administrative judge found, however, that the appellant did not prove that his

---

[2] The administrative judge found that, although the appellant claimed that the agency subjected him to various other prohibited personnel actions, the Board's jurisdiction over an appeal is determined by the nature of the agency's action at the time the appeal is filed.  ID at 13.  The administrative judge found that the appellant challenged his 15-day suspension in his chapter 75 appeal, and he did not file a whistleblowing complaint with the Office of Special Counsel (OSC).  *Id*.  The administrative judge further found that the appellant did not exhaust his administrative remedies with OSC regarding the other personnel actions, and therefore this is not an individual right of action appeal.  *Id*.  The administrative judge found, moreover, that the Board does not have jurisdiction over the appellant's claims that are not encompassed by 5 U.S.C. § 7512.  *Id*.  The parties do not dispute these findings on review.

protected disclosures were a contributing factor in the agency's decision to suspend him because he failed to establish the knowledge element of the knowledge-timing test.  ID at 10, 12-14.

¶4    The appellant filed a petition for review challenging the administrative judge's finding that he failed to prove that his protected disclosures were a contributing factor in the agency's decision to suspend him.  Petition for Review (PFR), Tab 1.  The agency filed a response in opposition to the appellant's petition for review, and the appellant replied.  PFR File, Tabs 2, 6.

¶5    In an adverse action appeal, such as this, an appellant's claim of whistleblower reprisal is treated as an affirmative defense.  *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 21 (2014).  Once the agency proves its charge or charges, the appellant must show by preponderant evidence that he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8) and that the disclosure was a contributing factor in the agency's personnel action.  *Id*.  A protected disclosure is a disclosure of information that the appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.  5 U.S.C. § 2302(b)(8)(A); *Shannon*, 121 M.S.P.R. 221, ¶ 22.  Here, the administrative judge found that the appellant proved that he engaged in whistleblowing activity by making protected disclosures under 5 U.S.C. § 2302(b)(8) when he reported a theft of government property, a hostile work environment, and safety issues.[3]  ID at 8, 10-12.  The agency does not dispute that finding, and we discern no reason to disturb it on review.

¶6    An employee who establishes that he made a protected disclosure has the additional burden of proving by preponderant evidence that his disclosure was a

---

[3] Although the creation of a hostile work environment is a personnel action for purposes of the WPEA, the reporting of a hostile work environment is also a protected disclosure. ID at 11-12; *see Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 23 (2015).

contributing factor in the covered personnel actions. *See* [5 U.S.C. § 2302](b)(8)(A); *see Shibuya v. Department of Agriculture*, [119 M.S.P.R. 537], ¶ 22 (2013). The most common way of proving that a disclosure was a contributing factor in a personnel action is the knowledge-timing test. *Shannon*, [121 M.S.P.R. 221], ¶ 23. Under that test, an appellant can prove the contributing factor element through evidence that the official taking the personnel action knew of the whistleblowing disclosure and took the personnel action within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action.[4] *Id.*

¶7    On review, the appellant disputes the administrative judge's finding that he failed to satisfy the knowledge element of the knowledge-timing test and prove that the official taking the personnel action knew of the whistleblowing disclosure. PFR File, Tabs 1, 6; ID at 13-14. Based on our review of the record, we find that the record does not support the administrative judge's finding on this issue. The deciding official's testimony, as summarized by the administrative judge, reflects that the deciding official knew about the appellant's protected disclosures of theft of government property and safety issues on March 6, 2015, which is less than a week before he issued the suspension decision on March 12, 2015. ID at 13.

¶8    Moreover, although the deciding official testified that he was unaware of the disclosed issues before March 6, 2015, and that he was unaware of the appellant's claims of a hostile work environment at any time prior to his issuance of his March 12, 2015 decision letter, there is evidence in the agency file refuting

---

[4] An appellant also may show that a protected disclosure was a contributing factor by proving that the official taking the action had constructive knowledge of the protected disclosure, even if the official lacked actual knowledge. *Nasuti v. Department of State*, [120 M.S.P.R. 588], ¶ 7 (2014). One way of establishing constructive knowledge is by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Id.* On review, the appellant argues that the deciding official had actual knowledge that the appellant made a protected disclosure before suspending him. PFR File, Tab 6 at 7.

his testimony on this issue.  ID at 13; IAF, Tab 7 at 37-38.  In the appellant's January 9, 2015 written reply to his notice of proposed suspension, he informed the deciding official, in pertinent part, that:  "I believe that this excessive action is reprisal against me for my complaints about a hostile work environment, physical intimidation, and theft and damaging of government property."  IAF, Tab 7 at 37.  The appellant also informed the deciding official that, in November 2014, he "reported several safety concerns to be addressed."  *Id*. at 38.

¶9        In addition, the deciding official participated in the appellant's reply meeting on January 16, 2015, during which the appellant restated his belief that the proposed adverse action was reprisal for his complaints and the pending management inquiry into his complaints.  *Id*. at 60.  At a follow up meeting on January 20, 2015, the deciding official reviewed what the appellant asserted at the reply meeting.  *Id*. at 42.  The deciding official also was copied on email communications in February 2015, discussing the agency's investigation of the appellant's hostile work environment claim.  *Id*. at 40.

¶10       Further, in the deciding official's March 12, 2015 suspension decision, he referenced his participation in the appellant's January 16, 2015 reply meeting and stated that he "carefully considered [the appellant's] written and personal replies."  *Id*. at 71.  We therefore find that the appellant proved, under the knowledge-timing test, that the deciding official had actual notice that the appellant made protected disclosures before he issued the decision suspending the appellant.  *See Shibuya*, 119 M.S.P.R. 537, ¶ 23 (finding that the deciding official knew about disclosures when he expressly stated that he gave careful consideration to the appellant's written response to proposed notice).

¶11       Having found that the appellant satisfied the knowledge element of the knowledge-timing test, we affirm the administrative judge's finding that the appellant satisfied the timing element of the test.  ID at 13.  The deciding official knew of the appellant's disclosures in January and February 2015, and shortly thereafter decided to take a personnel action against the appellant by suspending

him in March 2015. Here, the length of time between the deciding official's actual knowledge of the appellant's disclosures and his decision to suspend the appellant is sufficient for a reasonable person to conclude that the appellant's disclosures were a contributing factor in the agency's personnel action. *See Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 87 (2001) (determining that the appellant's disclosures were a contributing factor in his removal when they were made approximately 21 months and then slightly over a year before the agency removed him). We therefore find that the appellant established a prima facie case of whistleblowing.

¶12    Once an appellant establishes a prima facie case of whistleblowing, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the same personnel action absent any protected activity. *See Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 16 (2012). Because the administrative judge found that the appellant failed to make a prima facie case of whistleblower reprisal, the administrative judge did not apply the clear and convincing evidence test to determine whether the agency proved that it would have taken the same personnel action absent the appellant's protected disclosures. We remand this appeal for adjudication of this issue. In analyzing whether the agency presented clear and convincing evidence, the administrative judge shall, consistent with the guidance provided by the court in *Whitmore v. Department of Labor*, 680 F.3d 1353 (Fed. Cir. 2012), reconsider the record as a whole and make thoroughly reasoned findings that address both the evidence supporting his conclusions and the countervailing evidence.

## ORDER

¶13      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:              _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.